IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2, | § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-2568-N-BN |
| JEFF HOLLINGSWORTH AND SHERRY HOLLINGSWORTH AND ALL OCCUPANTS, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand this action to state court and issue a warning to Defendants concerning this, the second, removal of this state court action.

**Background**

On August 4, 2015, Defendants, proceeding *pro se*, removed to the Dallas Division of the Northern District of Texas this forcible detainer action, then pending in the Justice Court of Tarrant County, Texas, Precinct 3, asserting that there is

diversity jurisdiction under 28 U.S.C. § 1332.

The records of this Court reflect that Defendants, who appear to be residents of Texas, or an occupant of their property located at 710 Lakeway Drive, Keller, Texas, 76248, have twice before attempted to remove to the Dallas Division of this District cases – like this one – then pending in the Justice Court of Tarrant County, Texas. *See Wells Fargo Bank, N.A. v. Hollingsworth*, No. 3:13-cv-275-P (N.D. Tex. 2013) ("*Hollingsworth I*"); *Wells Fargo Bank, N.A. v. Hollingsworth*, No. 3:15-cv-1298-N-BH (N.D. Tex. 2015) ("*Hollingsworth II*"). Both previous attempts failed.

In fact, the state court case numbers in this case and in *Hollingsworth II* are the same. In that case, also assigned to United States District Judge David C. Godbey but referred to United States Magistrate Judge Irma Carrillo Ramirez, the Court adopted Judge Ramirez's recommendation that the action be *sua sponte* remanded to state court for lack of subject matter jurisdiction. *See Hollingsworth II*, 2015 WL 2378721 (N.D. Tex. May 18, 2015).

Thus, based on this history and the state petition that Defendants filed with their notice of removal, which includes an eviction citation dated April 14, 2015, *see* Dkt. No. 4, Defendants' claim that they were served with the state petition on August 1, 2015, *see* Dkt. No. 3 at 1, is dubious, at best.

But the Court need not concern itself with any procedural defects as to this removal, because – as this Court has previously found, as further explained below – the Court lacks subject matter jurisdiction.

**Legal Standards and Analysis**

<u>Venue</u>

"A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and *division* within which such action is pending a notice of removal.'" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (quoting 28 U.S.C. § 1446(a)) (emphasis added by the Fifth Circuit). Indeed, the general venue statute, 28 U.S.C. § 1391 "has no application to a removed action. Venue of removed actions is governed by 28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

"In relevant part, § 1441(a) states that a civil action may be removed 'to the district court of the United States for the district and division embracing the place where such action is pending.'" *Ashton v. Knight Transp., Inc.*, No. 3:09-cv-0759-B, 2009 WL 2407829, at *2 (N.D. Tex. Aug. 6, 2009); *see Mello Hielo Ice*, 2012 WL 104980, at *6 (concluding that venue as to a case removed from the 271st Judicial District Court of Wise County, Texas was "proper in the Fort Worth Division of the United States District Court for the Northern District of Texas, which is the district and division embracing the place where the action was pending at the time of removal"); *see also* 28 U.S.C. § 124(a)(2) (Tarrant County, Texas also lies in the Fort Worth Division of the Northern District of Texas; thus, that division is also the division in this

district "embracing the place where [this] action was pending at the time of removal").

Where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a), and a district court may raise the issue of venue *sua sponte, see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). As the United States Court of Appeals for the Fifth Circuit has instructed, where "there is no doubt that the district court ha[s] subject matter jurisdiction," "removal to the wrong division is procedural, not jurisdictional," and a district should accordingly "transfer[] the case to the [correct] division under the authority of 28 U.S.C. § 1406(a)." *Kreimerman*, 22 F.3d at 645 (citations omitted)); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) ("Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case." (citing *RTC v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991))).

Here, however, the lack of subject matter jurisdiction is apparent, and thus, the interests of judicial efficiency would not be served by a Section 1406(a) transfer.

Subject Matter Jurisdiction

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty

-4-

to examine their own subject matter jurisdiction). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Diversity jurisdiction is the sole basis for subject matter jurisdiction asserted here. *See* Dkt. No. 3 at 2. For such jurisdiction to exist, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases).

Defendants have made it clear that this case remains solely one for forcible detainer. *See* Dkt. No. 3 at 4, 6 ("Brief description of the cause: Plaintiff trying to take possession of property worth 400,000.00."; indicating that the claims are for "Possession of property"); Dkt. No. 4 (attaching "Original Petition for Forcible Detainer"). And, as the Court previously explained,

> [i]n this case, the only issue apparently raised by the state court forcible detainer action is the right to possession. Defendant has not shown that Plaintiff seeks money damages, dispute the title to properly, or seek any debt related to the property in the forcible detainer action, so he cannot show that the amount in controversy requirement for diversity jurisdiction has been met. Consequently, he has not shown a basis for the exercise of subject-matter jurisdiction over this case.

*Hollingsworth II*, 2015 WL 2378721, at *2 (record citation omitted). Nothing has changed, and the same analysis and conclusion hold true as to this second removal.

**Warning**

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County, Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

As pointed out above, this is the second removal of this action to this Court, and the undersigned has found that it should be remanded to state court for the same

reason the Court found previously. As such, the undersigned finds that Defendants should be warned that any future removal of this forcible detainer action absent a material change in their state court case will subject them to a $100.00 monetary sanction payable to the Court. *Cf. S.W.S. Erectors*, 72 F.3d at 492 ("As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." (footnote and citations omitted and emphasis in original)).

## Recommendation

The Court should *sua sponte* remand this action to the Justice Court of Tarrant County, Texas, Precinct 3. The Court also should warn Defendants that any future removal of this forcible detainer action absent a material change in their state court case will subject them to a $100.00 monetary sanction payable to the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE